UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUBENAL ALBA-PEREZ (A# 214-360-919)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-03137 DJC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  District Judge Calabretta referred the matter to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 4.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  ECF No. 7.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).  However, because Petitioner's § 1226(c)(1)(A) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003) ("Demore"), the undersigned recommends the petition be denied without prejudice.

**I.      Factual and Procedural History**

Petitioner, a citizen and national of Mexico, entered the United States without inspection on an unknown date and time.  ECF No. 9-8 at 2.  On August 23, 2017, Petitioner was approved

1

for an application for provisional unlawful presence waiver, Form I-601A.[1]  Id.  Petitioner has a U.S. citizen spouse and three U.S. citizen children.  Id. at 3; ECF No. 1 at 5.

Petitioner has an extensive criminal history in the United States.  See ECF No. 9-7 (FBI "rap sheet").  Most recently, on September 23, 2025, petitioner was convicted on three charges and sentenced to state prison for two years, minus time served, for: (1) criminal threat, Cal. Penal Code § 422(a); (2) felon in possession of firearm, Cal. Penal Code § 29800(a)(1); and (3) obstruction of a peace officer, Cal. Penal Code § 148(a)(1).  ECF No. 9-4.  Immigration and Customs Enforcement (ICE) detained petitioner on April 10, 2026, upon his parole from state prison and administratively charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole).  ECF No. 9-8 at 2.

Petitioner filed the instant § 2241 petition on April 24, 2026, challenging his "ongoing, prolonged" detention under the Due Process Clause of the Fifth Amendment.  ECF No. 1.  By way of relief, Petitioner seeks his immediate release or, in the alternative, a bond hearing before an immigration judge ("IJ") where the government bears the burden of establishing that he is a risk of flight or danger.  Id. at 17.  Respondent opposes the petition on grounds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or, in the alternative, 8 U.S.C. § 1226(c).  ECF No. 9.

## II.  Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir.

---

[1]  "Certain immigrant visa applicants who are relatives of U.S. citizens or lawful permanent residents may use this application to request a provisional waiver of the unlawful presence grounds of inadmissibility under [8 U.S.C . § 1182(a)(9)(B)] before departing the United States to appear at a U.S. Embassy or Consulate for an immigrant visa interview."  U.S. Citizenship and Immigration Services, I-601A, Application for Provisional Unlawful Presence Waiver, https://www.uscis.gov/i-601a.  "A pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a period of stay authorized by the Secretary."  8 C.F.R. § 212.7(e)(2)(i).

2008).

Respondent asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), or in the alternative, 8 U.S.C. § 1226(c)(1)(A).  Respondent's arguments for § 1225(b)(2) rely on the minority view of cases.  See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

> Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States.  See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025).  The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing petitioners' detention here is § 1226, and not § 1225(b)(2).  The fact that the administrative warrant for Petitioner's arrest (Form I-200) identifies 8 U.S.C. § 1226 as its statutory authority further supports this conclusion.  ECF No. 9-5 at 1.

In the alternative, Respondent argues that Petitioner is detained under 8 U.S.C. § 1226(c)(1)(A).  Under § 1226(c), "the Attorney General 'shall take into custody any alien' who falls into one of the enumerated categories involving criminal offenses and terrorist activities[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (quoting 8 U.S.C. § 1226(c)(1)).  Subsection (c)(1)(A) applies to noncitizens who are "inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]"  8 U.S.C. § 1226(c)(1)(A).  Respondents specifically claim that Petitioner's conviction under Cal. Penal Code § 422(a) constitutes a "crime involving moral turpitude" ("CIMT") under 8 U.S.C. § 1182(a)(2)(A)(ii)(I).  ECF No. 9 at 2-3.

The undersigned agrees that Petitioner's conviction under Cal. Penal Code § 422(a) is a CIMT for purposes of § 1182(a)(2)(A)(ii)(I).  See Latter-Singh v. Holder, 668 F.3d 1156, 1158

3

(9th Cir. 2012) (a conviction under Cal. Penal Code § 422 is categorically a crime involving moral turpitude).  Because Respondent identifies only this one CIMT, the undersigned will next consider whether Petitioner's conviction falls under the provision's "petty offense" exception.[2] "Under the exception, § 1182(a)(2)(A)(i)(I) 'shall not apply' if (1) the alien 'committed only one crime,' (2) 'the maximum penalty possible for the [predicate CIMT] . . . did not exceed imprisonment for one year,' and (3) 'if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months.'" Cervantes v. Holder, 772 F.3d 583, 587 (9th Cir. 2014) (quoting 8 U.S.C. § 1182(a)(2)(A)(ii)(II)).

The record reflects that Petitioner received a one-year, concurrent sentence in the custody of the Kern County Sheriff for his Penal Code § 422(a) conviction.  ECF No. 9-4 at 9. Accordingly, because Petitioner's sentence on his lone CIMT exceeded six months, the petty offense exception does not apply and Petitioner is currently subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).

### III.    Due Process Analysis

#### A.  Legal Framework

The undersigned construes the petition as raising an as-applied, procedural due process challenge to the constitutionality of Petitioner's mandatory detention.  The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, 538 U.S. at 531. However, the Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530.  Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing

---

[2]  Respondent argues that the Court need not consider the petty offense exception because Petitioner "committed more than one crime."  ECF No. 9 at 3.  However, the exception applies to convictions for more than one *crime involving moral turpitude*.  See Cervantes, 772 F.3d at 589 (remanding to BIA to consider whether petty offense exception applies to Cal. Penal Code § 422 conviction after reversing BIA's finding that the petitioner was convicted of a second CIMT); cf. United States v. Nunez-Garcia, 262 F. Supp. 2d 1073, 1081 (C.D. Cal. 2003) (finding petty offense exception inapplicable because the defendant "committed, and was convicted of, more than one crime involving moral turpitude.").  Petitioner was convicted on three charges, but Respondents only identify one, Cal. Penal Code § 422, as a CIMT.  See ECF No. 9 at 3.

the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Court has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). For instance, the Second Circuit has held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024); see also German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 210 (3d Cir. 2020) (holding that due process affords noncitizens detained under § 1226(c) a bond hearing once detention becomes unreasonable). The undersigned finds these authorities persuasive and agrees that Demore does not bar an as-applied challenge to prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze Petitioner's procedural due process argument.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States,

including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests used by district courts within the Ninth Circuit and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

### B. Due Process Analysis

Turning to the first step, the facts of this case present several barriers to finding of a protected liberty interest. Although Petitioner has a liberty interest in "'freedom from prolonged detention' [that] is 'unquestionably substantial,'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011)), he has been detained for less than two months. In Demore, the Supreme Court held the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average." 538 U.S. at 530-531. Further, although the Ninth Circuit has not addressed when mandatory detention under § 1226(c) becomes prolonged, it has similarly referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted); see also Zadvydas, 533 U.S. at 701 (recognizing a "6–month period" of presumptively reasonable post-removal-period detention). Therefore, given that the duration of Petitioner's detention is still within the range contemplated

in Demore, it does not yet implicate his protected interest against prolonged detention.

Moreover, this is not a case where petitioner accrued a liberty interest after being previously released by DHS or an IJ.  Rather, he was released from state prison on parole and immediately arrested by ICE.  As a fellow judge of this judicial district has explained, noncitizens do not acquire protected liberty interests in their release under such circumstances:

> "[T]he liberty interests of [an individual] who is re-arrested differ from the liberty interests of a detained person." *Guillermo M.R. v. Kaiser*, No. 25-cv-05436-RFL, 2025 WL 1810076, at \*1 (N.D. Cal. June 30, 2025). In the former situation, where ICE detains an individual upon their release from a correctional facility, without any substantial intervening period of release, that individual has no opportunity "to form the [ ] enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). In contrast, a person who has been released from physical restraint gains a "liberty [interest that] is valuable and must be seen as within the protection of the" Due Process Clause. *Id.*

Carballo v. Andrews, No. 1:25-cv-0978 KES EPG (HC), 2025 WL 2381464, at \*4 (E.D. Cal. Aug. 15, 2025).  Thus, Petitioner cannot claim a protected liberty interest based on continued freedom from any previous release from custody.

Petitioner still retains a general liberty interest in freedom from detention.  "'[F]reedom from imprisonment . . . lies at the heart of the liberty [the Due Process Clause] protects.'" Zadvydas, 533 U.S. at 690.  But applying the Mathews factors to that private interest, the relatively short duration of petitioner's § 1226(c) detention significantly diminishes its strength. "[T]he longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in Demore, the harder it becomes to justify without conducting an individualized bond hearing." Sarr v. Scott, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025); cf. Black, 103 F.4th at 151 (finding first Mathews factor "weighs heavily in favor" of petitioners where they were detained for "far longer" than the petitioner in Demore).

Next, the risk of erroneous deprivation is currently low where the duration of Petitioner's detention does not exceed that of the petitioner in Demore.  However, the risk of erroneous deprivation will increase over time as his detention becomes prolonged due to the "almost nonexistent procedural protections in place for section 1226(c) detainees." Black, 103 F.4th at 152.  The only procedural protection in place is an opportunity to challenge his inclusion in a mandatory detention category pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999),

which is not a "mechanism for a detainee's release, nor for individualized review of the need for detention."[3] Id.

Finally, precedent dictates that "[t]he government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Indeed, in Demore, the Supreme Court expressly upheld the brief detention of criminal noncitizens without an individualized determination of dangerousness. See 510 U.S. at 528. While this factor currently favors the government, it too will tilt toward Petitioner as his detention without an individualized determination of danger or flight risk becomes prolonged. See Black, 103 F.4th at 153–54 ("The additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees."); Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)).

On balance, the Mathews factors weigh against ordering a bond hearing at the current, less-than-two-month juncture of Petitioner's immigration detention. Accordingly, the undersigned recommends that the petition be denied. However, these findings and recommendations do not preclude Petitioner from seeking a bond hearing through a subsequent § 2241 petition at a later point in time should his detention become prolonged.

---

[3] For this reason, the undersigned rejects Respondent's argument that Petitioner was required to pursue a Joseph hearing to exhaust his administrative remedies. ECF No. 9 at 5-6. The remedy in a Joseph hearing is a finding that the noncitizen is not "subject to" 8 U.S.C. § 1226(c). See Joseph, 22 I. & N. Dec. 799, 804. But here, the petition assumes Petitioner is subject to a mandatory detention category, ECF No. 1 at 5, ¶ 21, and challenges his prolonged, mandatory detention, id. at 16-17. In sum, a Joseph hearing would not provide Petitioner with the relief he seeks through his petition. See Arnold v. Crawford, 554 F. Supp. 2d 987, 989 (D. Ariz. 2008) ("the Court finds that exhaustion via a Joseph hearing is not required because Petitioner is not challenging whether he is subject to mandatory detention."), order vacated on reconsideration on other grounds, No. CV 07-170 PHX JAT(LOA), 2008 WL 4999211 (D. Ariz. Nov. 21, 2008).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.     Petitioner's motion to proceed in forma pauperis (ECF No. 7); and

2.     Petitioner's second motion to proceed in forma pauperis (ECF No. 11) is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that Petitioner Jubenal Alba-Perez's (A# 214-360-919) application for a writ of habeas corpus (ECF No. 1) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE